IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DON CAMPBELL, )
      **PRO SE** ) No. 09 C 2632
      Plaintiff, )
) JUDGE GUZMAN
vs. )
) Magistrate Judge Valdez
CITY OF CHICAGO, Chicago Fire Department )
Medical Transportation Personnel Paramedic, )
J. LIMBO, P. CRUZ, Chicago Police Officer )
Detectives SERGEANT S. RONAN, )
A. COLINDRES, L. MARIN, and OTHER )
UNKNOWN OFFICERS, (Collectively )
Defendants) in their Individual and Official )
Capacities, )
)
      Defendants. )

## DEFENDANTS RONAN, COLINDRES AND MARIN'S ANSWER
## AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, SEAN RONAN, ANGEL COLINDRES and LOUIS MARIN through one of their attorneys, Brandon J. Gibson, Assistant Corporation Counsel of the City of Chicago for their answer defenses and jury demand to Plaintiff's Complaint, state as follows[1]:

### Nature of the Action

1. This is an action arising from the Defendant's violation of Campbell's constitutional rights by using excessive force in an attempt to murder Mr. Campbell or cause serious injury, by delaying and refusing immediate medical care in a Deliberate Indifference manner, and by intentionally and deliberately falsifying the reports surrounding the attempt to murder me, Campbell, and the reason for the delay in giving me, Campbell medical treatment.

ANSWER: Defendants admit that Plaintiff brings this action for alleged violations of his constitutional rights. Defendants deny remaining allegations and complained of conduct in paragraph 1 of Plaintiff=s Complaint.

---

[1] To provide a more complete and accurate answer, Defendants have subdivided some of the paragraphs in

1

2. Campbell brings this action pursuant to Title 42 U.S.C. § 1983 to redress violations of the Fifth, Eighth and Fourteenth Amendments, applicable to the states by Incorporation into the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution.

ANSWER: Defendants admit that this case is brought against the named Defendants pursuant to 42 U.S.C. 1983. Defendants deny remaining allegations and complained of conduct in paragraph 2 of Plaintiff=s Complaint.

3. Campbell seek's actual consequential, compensatory, and punitive damages, and any other remedies the Court may deem just or proper.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint.

### Jurisdiction and Venue

4. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because the matters in controversy arise under the Constitution and laws of the United States.

ANSWER: Defendants admit jurisdiction is proper.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events that give rise to Campbell's claims took place within the Northern District of Illinois.

ANSWER: Defendants admit venue is proper.

6. Campbell has exhausted all administrative remedies available to him prior to bringing this action, by reporting the incident to the Superintendent of Chicago police, the Chicago Police Department Office of Professional Standards, and to Lisa Madigan, attorney General in a notice of claim. Campbell makes no claim challenges or questions to any conviction.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint.

---

Plaintiff's original complaint using letters A-Z as necessary.

## Parties

7.  Don Campbell was a free citizen on May 5, 2007 when this incident occurred having at 1825 N. Mayfield, Chicago, IL 60636, current address: Stateville Transitional Facility, P.O. Box 903 Sturteuant, WI 53177.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.  Defendant, City of Chicago, 118 North LaSalle, Chicago, Illinois City Hall, 60611. At all times relevant hire, train and was responsible for the overall management of the defendants in their individual and official job functions. Campbell sues the City of Chicago in its official capacity for its policy and practice of the civil rights violations he incurred.

ANSWER: Defendants admit Defendant City of Chicago is generally responsible for hiring and managing its employees which may include the individual defendants in this case. Defendants deny that they or the City of Chicago have been properly sued in their official capacities and deny the remaining allegations in this paragraph.

9.  Chicago Fire Department medical transportation personnel, 1338 S. Clinton, Chicago, IL 60607 at all times relevant, employed, trained and was responsible for the overall management of the EMS Defendants in their individual and official capacity job functions. Campbell sues the Chicago Fire Department medical transportation personnel in its official capacity for its policy and practice of the civil rights violations he incurred.

ANSWER: Defendants admit Defendant Chicago Fire Department is generally responsible for hiring and managing its employees which may include the individual defendants in this case. Defendants deny that they or the Chicago Fire Department have been properly sued in their official capacities and deny the remaining allegations in this paragraph.

10.  Defendant J. Limbo, Paramedic, Defendant City of Chicago Fire Department medical transportation personnel EMS 1338 S. Clinton, Chicago IL 60607, at all times relevant was involved in the incident complained of. Campbell sues J. Limbo in his individual capacity and official capacity.

ANSWER: The allegations in paragraph 10 are directed towards Defendant Limbo, Defendants Ronan, Colindres and Marin give no answer for any other named Defendant.

11. Defendant P. Cruz, Chicago Fire Department medical transportation personnel EMS 1338 S. Clinton, Chicago, IL 60607, at all times relevant was involved in the incident complained of. Campbell sues P. Cruz, Paramedic in his individual and official capacity.

ANSWER: The allegations in paragraph 11 are directed towards Defendant Cruz, Defendants Ronan, Colindres and Marin give no answer for any other named Defendant.

12. Defendant, S. Ronan, Chicago Police Detective Special Tact Team Beat 1369, 937 N. Wood, Chicago, IL 60602, at all times relevant was involved in the violations complained. Campbell sues S. Ronan in his individual and official capacity.

ANSWER: Defendants admit that Defendant Ronan is being sued in his individual capacity. Defendants deny remaining allegations and complained of conduct in paragraph 12 of Plaintiff=s Complaint.

13. Defendant A. Colinders, Chicago Police Detective Special Tact Team Beat 1369, 937 N. Wood, Chicago, IL 60602, at all times relevant was involved in the violations complained of. Campbell sues A. Colinders in his individual and official capacity.

ANSWER: Defendants admit that Defendant Colindres is being sued in his individual capacity. Defendants deny remaining allegations and complained of conduct in paragraph 13 of Plaintiff=s Complaint.

14. Defendant L. Marin, Chicago Police Detective Special Tact Team Beat 1369 937 N. Wood, Chicago, IL 60622, at all times relevant was involved in the violation's complained of, Campbell sue L. Marin in his individual and official capacity.

ANSWER: Defendants admit that Defendant Marin is being sued in his individual capacity. Defendants deny remaining allegations and complained of conduct in paragraph 14 of Plaintiff=s Complaint.

15. Defendant Unknown named, white male Chicago police Detective special tact team Beat 1369, 937 N. Wood Chicago, IL 60622 at all times relevant was involved in the violations complained of. Campbell sues Unknown Officers in his individual and official capacity.

ANSWER: Defendants deny any wrongdoing by any member of the Chicago Police

Department. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of Plaintiff's Complaint.

## Facts Relating to All Counts

### EXCESSIVE FORCE and CRUEL AND UNUSUAL PUNISHMENT PRACTICES, FALSIFYING POLICE REPORTS

16. A - That Defendant's Ronan, Colindres, Martin and Unknown named white male Defendant, all detectives from the Special Tactical Team Unit 1369 participated in the cover up of the excessive force and intentional attempt to cause Campbell severe injury, by engaging in a pattern and practice of false police report writing to cover up the truth and conceal the unknown named white male defendant who on May 5, 2007 in the early morning hours intentionally threw Campbell head first out of a second floor window, nearly killing him.

ANSWER: Defendants deny the allegations and complained of conduct in paragraph 16(A) of Plaintiff=s Complaint.

B - Once he hit the ground Campbell was subsequently tasered. Campbell was in extreme pain and having difficulty breathing.

ANSWER: Defendants admit the Plaintiff was tased once he reached the ground. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16(B) of Plaintiff's Complaint.

C - Medical attention was delayed so the officers could show him to witnesses while laying in the back of the ambulance.

ANSWER: Defendants deny the allegations and complained of conduct in paragraph 16(C) of Plaintiff=s Complaint.

### Background

17. A - Campbell had been hanging out in the Humbolt Park area near 2708 W. Thomas, Chicago, Illinois with some old friends and we were drinking into the early morning hours.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 17(A) of Plaintiff's Complaint.

       B - We subsequently went to Chi's house at 2708 W. Thomas, Chicago, Illinois where he told Campbell he lived, watching the property for the owner.

    ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17(B) of Plaintiff's Complaint.

       C - The building was unoccupied and there is three Puerto Ricans, 2 guys and one girl who lives there. They are apparently homeless and use drugs, cocaine, heroin etc. Many visitors came and went throughout the night and morning to trade, buy and use drugs.

    ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17(C) of Plaintiff's Complaint.

       D - On the morning of May 5, 2007 after being in this building with Chi and others most of the night I went downstairs to get some water, when a white male detective unknown (that may or may not be one of the named Defendant's) came up behind me alone.

    ANSWER:    Defendants admit that Defendant Ronan entered the location of 2708 W. Thomas, in Chicago, IL and saw Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17(D) of Plaintiff's Complaint.

       E - Apparently the other drug users or drinkers in the building saw or heard the lone detective enter the building and began to flee, (See: 911 Call C.D. that alerted trespassing in building).

    ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17(E) of Plaintiff's Complaint.

       F - However hearing the running this detective asked Campbell who was upstairs, then directed Campbell to walk with him up the stairs.

    ANSWER:    Defendants deny the allegations and complained of conduct in paragraph 17(F) of Plaintiff=s Complaint.

G - Prior to reaching the top floor this detective heard rushing footsteps from the top floor room. He appeared to temporarily forget about Campbell and jumped in front of Campbell to apprehend the fleeing people.

ANSWER: Defendants deny the allegations and complained of conduct in paragraph 17(G) of Plaintiff=s Complaint.

H - At this point fearing arrest for drugs, Campbell put several bags of powder cocaine into his mouth and turned to flee back down the stairs. The cocaine was not packaged for swallowing and came open inside Campbell.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17(H) of Plaintiff's Complaint.

I - Noticing these actions by Campbell the Detective chose to grab Campbell by slapping him on the head with his gun. He then slammed Campbell into a wall making him swallow the cocaine.

ANSWER: Defendants deny the allegations and complained of conduct in paragraph 17(I) of Plaintiff=s Complaint.

J - The Detective then tossed Campbell out of the window head first.

ANSWER: Defendants deny the allegations and complained of conduct in paragraph 17(J) of Plaintiff=s Complaint.

K - Campbell hit the ground but he quickly regained consciousness dazed and attempted to get to his feet. At this time the same Detective tasered Campbell in the back, through the first floor window.

ANSWER: Defendants admit that Plaintiff was tased in the back, when he got to his feet and attempted to flee, ignoring Defendant Ronan's commands to stop. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17(K) of Plaintiff's Complaint.

L - Campbell, laying on the ground being shocked looked around and saw this Detective leaning out the window holding his arm out the window. Believing he was shot, Campbell grabbed his back and touched a taser prong which shocked him unconscious.

ANSWER: On information and belief, Defendants deny that Plaintiff was shocked into unconsciousness. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17(L) of Plaintiff's Complaint.

M - When the Detective released the power, Campbell's hand and the prong came out of Campbell's back.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17(M) of Plaintiff's Complaint.

N - Campbell was seriously injured and almost died from the window toss.

ANSWER: Defendants deny the allegations and complained of conduct in paragraph 17(N) of Plaintiff=s Complaint.

O - When He regained consciousness, he attempted to stand up and immediately limped into the second police, a male Hispanic looking Detective (believed to be Ronan) who was just arriving on the scene running towards Campbell through the gangway from Thomas Street, coming from the south entrance going north.

ANSWER: Defendants deny the allegations and complained of conduct in paragraph 17(O) of Plaintiff=s Complaint.

P - This second detective put handcuffs on Campbell behind his back and helped Campbell limp to the ambulance which was already waiting on Thomas Street.

ANSWER: Defendants admit that Plaintiff was placed in handcuffs by an assisting officer and was escorted to Thomas Street. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17(P) of Plaintiff's Complaint.

Q - Campbell had to have been already unconscious for several minutes.

ANSWER: Defendants deny the allegations and complained of conduct in paragraph 17(Q) of Plaintiff=s Complaint.

R - There were no other police or detectives involved. All other reports indicating any other Beat 1369 detectives either tasered Campbell or participated in the arrest is false.

ANSWER: Defendants deny the allegations and complained of conduct in paragraph 17(R) of Plaintiff=s Complaint.

S - The report of May 5, 2007 by Defendant Colindres and Marin for Criminal Trespassing was false and was dropped.

ANSWER: Defendants deny the allegations and complained of conduct in paragraph 17(S) of Plaintiff=s Complaint.

**Deliberate Indifference to Serious Medical Treatment
by Delay and Falsifying Medical Reports**

18. A - Defendants J. Limbo, Paramedic and P. Cruz, Paramedic acted unprofessionally and put Campbell's life in danger by delaying Campbell's emergency medical treatment at the police Detectives' request in order to keep Campbell at the scene until witnesses cold arrive to attempt to identify him.

ANSWER: Defendants deny any order by a member of the Chicago Police Department to delay Plaintiff's medical treatment. The remaining allegations in paragraph 18(A) are directed towards Defendants Limbo and Cruz, Defendants Ronan, Colindres and Marin give no answer for any other named Defendants.

B- Campbell was in and out of consciousness, in pain and having a hard time breathing. He was never questioned by the paramedics. They totally believed only what the police told him, that Campbell had dived out of a 2nd floor window.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18(B) of Plaintiff's Complaint.

C - They did not give Campbell oxygen so Campbell's face could be clear, so the witnesses could see Campbell's face unobstructed in an attempt to identify him, and by doing this failed to follow the correct treatment procedure.

9

ANSWER: The allegations in paragraph 18(C) are directed towards Defendants Limbo and Cruz, Defendants Ronan, Colindres and Marin give no answer for any other named Defendants.

D - The injuries Campbell sustained left Campbell in prolonged pain and suffering.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18(D) of Plaintiff's Complaint.

E - These Defendants then created the false medical report that Campbell had refused oxygen treatment.

ANSWER: The allegations in paragraph 18(E) are directed towards Defendants Limbo and Cruz, Defendants Ronan, Colindres and Marin give no answer for any other named Defendants.

F - Facts are they never asked Campbell nor offered this treatment which he did need.

ANSWER: The allegations in paragraph 18(F) are directed towards Defendants Limbo and Cruz, Defendants Ronan, Colindres and Marin give no answer for any other named Defendants.

G - It was the Detective that rode in the ambulance with Campbell who requested nothing obstruct Campbell's face, the same Detective that tossed Campbell out of the window and then tasered him.

ANSWER: Defendants deny the allegations and complained of conduct in paragraph 18(G) of Plaintiff=s Complaint.

19. Defendants Limbo and Cruz further falsified their report when they wrote no incident during the transportation of Campbell, intentionally hiding the fact that there was a long delay for an on scene, show up, witness to arrive to try to identify Campbell, which was unsuccessful.

ANSWER: The allegations in paragraph 19 are directed towards Defendants Limbo and Cruz, Defendants Ronan, Colindres and Marin give no answer for any other named Defendants.

20. A - During the ride to the hospital, the same Detective threatened Campbell that he

better not lie, and to watch what he said.

   ANSWER: Defendants deny the allegations and complained of conduct in paragraph 20(A) of Plaintiff=s Complaint.

   B - After arrival this Detective threatened Campbell so he did not talk to them or anyone. At some point, Campbell told the Detective "fuck you", jumped up and ran from him. Somehow they grabbed Campbell's gown and grabbed Campbell naked then walked him back to examination area.

   ANSWER: On information and belief, Defendants admit that Plaintiff tried to escape police custody once at the hospital and that during his escape, his hospital gown was removed. Defendants deny the remaining allegations and complained of conduct in paragraph 20(B) of Plaintiff=s Complaint.

   C - They finally got the Detectives away from Campbell and Campbell has never seen these two Detectives again but, will still need to see pictures to identify which one tossed him out the window and tasered him, and which one actually put in him handcuffs.

   ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20(C) of Plaintiff's Complaint.

   21. A - Defendant's City of Chicago, on information and belief, the City of Chicago has a policy, custom and practice to allow Chicago Police Department Special Tactical Units like beat 1369 and others, to operate outside of the law to the detriment of hundreds of citizens, subjecting Campbell and others to excessive force and their unwritten practice of false police report writing.

   ANSWER: Defendants deny the allegations and complained of conduct in paragraph 21(A) of Plaintiff=s Complaint.

   B - This has led to a host of lawsuits in this court. They City of Chicago, their employer, has failed to properly supervise, train or punish the Special Tactical Team for use of excessive force or false police report writing and it was not until recently after a huge public outcry that the new Chicago Police chief Jody P. Weis, ordered the dis-banning of the Special Tactical team units in operation, and also reorganized and renamed the Office of Professional Standard, giving it the new name of the Independent Police Review Authority ran by newly elected Chief Administrator Ilana B. Rosenzweig.

ANSWER: Defendants deny the allegations and complained of conduct in paragraph 21(B) of Plaintiff≈s Complaint.

22. This is not a lawsuit challenging any criminal conviction nor the evidence that lead to any criminal conviction. I understand that such is prohibited by Heck vs. Humphrey. This is a lawsuit challenging the excessive force of an arrest that was used in an arrest where Campbell nearly died, and the false reports written by Defendants to cover up the excessive force, and denial of adequate medical attention.

ANSWER: Defendants deny any using excessive force against Plaintiff or creating any false reports. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:
### QUALIFIED IMMUNITY

Defendants Ronan, Marin and Colindres are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants could have believed their actions to be lawful, in light of clearly established law and the information that Defendants possessed. Defendants Ronan, Marin and Colindres, therefore, are entitled to qualified immunity.

### SECOND AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

Defendants were working as police officers at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (West 2008).

### THIRD AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-204

Defendants are not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (West 2008).

### FOURTH AFFIRMATIVE DEFENSE
### STATE COMPARATIVE AND CONTRIBUTORY FAULT LAW

To the extent that any injuries or damages claimed by the Plaintiff against Defendants were caused, in whole or in part, by negligent, willful and wanton, and intentional conduct of the Plaintiff, even if Defendants were liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, willful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries. In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2008) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

### FIFTH AFFIRMATIVE DEFENSE:
### STATE LAW DENIAL OF MEDICAL CARE CLAIMS

To the extent Plaintiff is seeking to make state law denial of medical care claims, Defendants, as police officers, are not liable for failure to furnish or obtain medical care for a prisoner in their custody, unless they knew from their observation that the prisoner was in immediate need of medical care and were willful and wanton in failing to take reasonable

action to summon medical care. 745 ILCS 10/4-105 (West 2008).

## CONCLUSION

Wherefore, Defendants Ronan, Marin and Colindres respectfully requests that judgment be entered in their favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

## JURY DEMAND

Defendants Ronan, Marin and Colindres hereby demand a jury trial for all issues so triable.

Respectfully submitted,

/s/ Brandon J. Gibson_____
BRANDON J. GIBSON
Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-1056 Phone
(312) 744-3989 Fax
Attorney No. 6296576

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DON CAMPBELL, | ) | No. 09 C 2632 |
| | ) | |
| Plaintiff, | ) | HONORABLE RONALD A. GUZMAN |
| | ) | Judge Presiding |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VALDEZ |
| CITY OF CHICAGO, *et al*., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

To: Don Campbell
430 South 27th Street
South Bend, IN 46615

    I hereby certify that I have caused a true and correct copy of the above and foregoing DEFENDANTS RONAN, COLINDRES AND MARIN'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT, to be served by U.S. Mail to the above named at the above addresses on December 22, 2009.

                                                 /s/ Brandon J. Gibson
                                               BRANDON J. GIBSON
                                               Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-1056 Phone
(312) 744-3989 Fax
Attorney No. 6296576