## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DON CAMPBELL, | ) | |
| **PRO SE** | ) | No.    09 C 2632 |
| Plaintiff, | ) | |
| | ) | JUDGE GUZMAN |
| vs. | ) | |
| | ) | Magistrate Judge Valdez |
| CITY OF CHICAGO, Chicago Fire Department | ) | |
| Medical Transportation Personnel Paramedic, | ) | |
| J. LIMBO, P. CRUZ, Chicago Police Officer | ) | |
| Detectives SERGEANT S. RONAN, | ) | |
| A. COLINDRES, L. MARIN, and OTHER | ) | |
| UNKNOWN OFFICERS, (Collectively | ) | |
| Defendants) in their Individual and Official | ) | |
| Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY'S ANSWER
## AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant City of Chicago, by and through Mara S. Georges, Corporation Counsel for

the City of Chicago, hereby submits its Answer, Defenses and Jury Demand in response to

Plaintiff's Complaint[1]:

## Nature of the Action

1.      This is an action arising from the Defendant's violation of Campbell's
constitutional rights by using excessive force in an attempt to murder Mr. Campbell or cause
serious injury, by delaying and refusing immediate medical care in a Deliberate Indifference
manner, and by intentionally and deliberately falsifying the reports surrounding the attempt to
murder me, Campbell, and the reason for the delay in giving me, Campbell medical treatment.

---

[1]To provide a more complete and accurate answer, Defendant City of Chicago has subdivided some of the
paragraphs in Plaintiff's original complaint using letters A-Z as necessary.

ANSWER: The City admits that Plaintiff brings this action for alleged violations of his constitutional rights. The City denies the remaining allegations in paragraph 1 of Plaintiff's Complaint.

2. Campbell brings this action pursuant to Title 42 U.S.C. § 1983 to redress violations of the Fifth, Eighth and Fourteenth Amendments, applicable to the states by Incorporation into the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution.

ANSWER: The City admits that this case is brought against the named Defendants pursuant to 42 U.S.C. 1983. The City denies the remaining allegations and complained of conduct in paragraph 2 of Plaintiff's Complaint.

3. Campbell seek's actual consequential, compensatory, and punitive damages, and any other remedies the Court may deem just or proper.

ANSWER: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint.

## Jurisdiction and Venue

4. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because the matters in controversy arise under the Constitution and laws of the United States.

ANSWER: The City admits jurisdiction is proper.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events that give rise to Campbell's claims took place within the Northern District of Illinois.

ANSWER: The City admits venue is proper.

6. Campbell has exhausted all administrative remedies available to him prior to bringing this action, by reporting the incident to the Superintendent of Chicago police, the Chicago Police Department Office of Professional Standards, and to Lisa Madigan, attorney General in a notice of claim. Campbell makes no claim challenges or questions to any conviction.

ANSWER: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint.

## Parties

7. Don Campbell was a free citizen on May 5, 2007 when this incident occurred having at 1825 N. Mayfield, Chicago, IL 60636, current address: Stateville Transitional Facility, P.O. Box 903 Sturteuant, WI 53177.

ANSWER: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendant, City of Chicago, 118 North LaSalle, Chicago, Illinois City Hall, 60611. At all times relevant hire, train and was responsible for the overall management of the defendants in their individual and official job functions. Campbell sues the City of Chicago in its official capacity for its policy and practice of the civil rights violations he incurred.

ANSWER: The City admits it is generally responsible for hiring and managing its employees including the individual defendants in this case. The City denies that it has been properly sued in its official capacity and denies the remaining allegations in this paragraph.

9. Chicago Fire Department medical transportation personnel, 1338 S. Clinton, Chicago, IL 60607 at all times relevant, employed, trained and was responsible for the overall management of the EMS Defendants in their individual and official capacity job functions. Campbell sues the Chicago Fire Department medical transportation personnel in its official capacity for its policy and practice of the civil rights violations he incurred.

ANSWER: The City admits Defendant Chicago Fire Department is generally responsible for hiring and managing its employees which may include the individual defendants in this case. The City denies that the Chicago Fire Department has been properly sued in its official capacity and denies the remaining allegations in this paragraph.

10. Defendant J. Limbo, Paramedic, Defendant City of Chicago Fire Department medical transportation personnel EMS 1338 S. Clinton, Chicago IL 60607, at all times relevant was involved in the incident complained of. Campbell sues J. Limbo in his individual capacity and official capacity.

ANSWER: The City admits that Defendant Limbo is being sued in his individual capacity. The City denies remaining allegations and complained of conduct in paragraph 10 of Plaintiff's Complaint.

11. Defendant P. Cruz, Chicago Fire Department medical transportation personnel EMS 1338 S. Clinton, Chicago, IL 60607, at all times relevant was involved in the incident complained of. Campbell sues P. Cruz, Paramedic in his individual and official capacity.

ANSWER: The City admits that Defendant Cruz is being sued in his individual capacity. The City denies remaining allegations and complained of conduct in paragraph 11 of Plaintiff's Complaint.

12. Defendant, S. Ronan, Chicago Police Detective Special Tact Team Beat 1369, 937 N. Wood, Chicago, IL 60602, at all times relevant was involved in the violations complained. Campbell sues S. Ronan in his individual and official capacity.

ANSWER: The City admits that Defendant Ronan is being sued in his individual capacity. The City denies remaining allegations and complained of conduct in paragraph 12 of Plaintiff's Complaint.

13. Defendant A. Colinders, Chicago Police Detective Special Tact Team Beat 1369, 937 N. Wood, Chicago, IL 60602, at all times relevant was involved in the violations complained of. Campbell sues A. Colinders in his individual and official capacity.

ANSWER: The City admits that Defendant Colinders is being sued in his individual capacity. The City denies remaining allegations and complained of conduct in paragraph 13 of Plaintiff's Complaint.

14. Defendant L. Marin, Chicago Police Detective Special Tact Team Beat 1369 937 N. Wood, Chicago, IL 60622, at all times relevant was involved in the violation's complained of, Campbell sue L. Marin in his individual and official capacity.

ANSWER:     The City admits that Defendant Marin is being sued in his individual capacity. The City denies remaining allegations and complained of conduct in paragraph 14 of Plaintiff's Complaint.

15.     Defendant Unknown named, white male Chicago police Detective special tact team Beat 1369, 937 N. Wood Chicago, IL 60622 at all times relevant was involved in the violations complained of.  Campbell sues Unknown Officers in his individual and official capacity.

ANSWER:     The City denies any wrongdoing by any member of the Chicago Police Department and denies that any Unknown Officers have been properly sued in their official capacity.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of Plaintiff's Complaint.

## Facts Relating to All Counts

### EXCESSIVE FORCE and CRUEL AND UNUSUAL PUNISHMENT PRACTICES, FALSIFYING POLICE REPORTS

16.     A - That Defendant's Ronan, Colindres, Martin and Unknown named white male Defendant, all detectives from the Special Tactical Team Unit 1369 participated in the cover up of the excessive force and intentional attempt to cause Campbell severe injury, by engaging in a pattern and practice of false police report writing to cover up the truth and conceal the unknown named white male defendant who on May 5, 2007 in the early morning hours intentionally threw Campbell head first out of a second floor window, nearly killing him.

ANSWER:     The City denies the allegations and complained of conduct in paragraph 16(A) of Plaintiff's Complaint.

B - Once he hit the ground Campbell was subsequently tasered.  Campbell was in extreme pain and having difficulty breathing.

ANSWER:     The City admits Plaintiff was tased.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16(B) of Plaintiff's Complaint.

C - Medical attention was delayed so the officers could show him to witnesses while laying in the back of the ambulance.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16(C) of Plaintiff's Complaint.

## Background

17.     A - Campbell had been hanging out in the Humbolt Park area near 2708 W. Thomas, Chicago, Illinois with some old friends and we were drinking into the early morning hours.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17(A) of Plaintiff's Complaint.

B - We subsequently went to Chi's house at 2708 W. Thomas, Chicago, Illinois where he told Campbell he lived, watching the property for the owner.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17(B) of Plaintiff's Complaint.

C - The building was unoccupied and there is three Puerto Ricans, 2 guys and one girl who lives there.  They are apparently homeless and use drugs, cocaine, heroin etc.  Many visitors came and went throughout the night and morning to trade, buy and use drugs.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17(C) of Plaintiff's Complaint.

D - On the morning of May 5, 2007 after being in this building with Chi and others most of the night I went downstairs to get some water, when a white male detective unknown (that may or may not be one of the named Defendant's) came up behind me alone.

ANSWER:     The City admits, based on Chicago Police Department ("CPD") records and reports, that Defendant Ronan entered the location of 2708 W. Thomas, in Chicago, IL and

encountered Plaintiff.  The City lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in paragraph 17(D) of Plaintiff's Complaint.

       E - Apparently the other drug users or drinkers in the building saw or heard the lone detective enter the building and began to flee, (See: 911 Call C.D. that alerted trespassing in building).

ANSWER:  The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 17(E) of Plaintiff's Complaint.

       F - However hearing the running this detective asked Campbell who was upstairs, then directed Campbell to walk with him up the stairs.

ANSWER:      The City lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 17(F) of Plaintiff's Complaint.

       G - Prior to reaching the top floor this detective heard rushing footsteps from the top floor room.  He appeared to temporarily forget about Campbell and jumped in front of Campbell to apprehend the fleeing people.

ANSWER:      The City lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 17(G) of Plaintiff's Complaint.

       H - At this point fearing arrest for drugs, Campbell put several bags of powder cocaine into his mouth and turned to flee back down the stairs.  The cocaine was not packaged for swallowing and came open inside Campbell.

ANSWER:      The City lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 17(H) of Plaintiff's Complaint.

       I - Noticing these actions by Campbell the Detective chose to grab Campbell by slapping him on the head with his gun.  He then slammed Campbell into a wall making him swallow the cocaine.

ANSWER:      The City lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 17(I) of Plaintiff's Complaint.

       J - The Detective then tossed Campbell out of the window head first.

ANSWER: The City denies, based on CPD records and reports, the allegations and complained of conduct in paragraph 17(J) of Plaintiff's Complaint.

K - Campbell hit the ground but he quickly regained consciousness dazed and attempted to get to his feet. At this time the same Detective tasered Campbell in the back, through the first floor window.

ANSWER: The City admits, based on CPD records and reports, that Plaintiff was tased in the back when he attempted to flee. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17(K) of Plaintiff's Complaint.

L - Campbell, laying on the ground being shocked looked around and saw this Detective leaning out the window holding his arm out the window. Believing he was shot, Campbell grabbed his back and touched a taser prong which shocked him unconscious.

ANSWER: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17(L) of Plaintiff's Complaint.

M - When the Detective released the power, Campbell's hand and the prong came out of Campbell's back.

ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17(M) of Plaintiff's Complaint.

N - Campbell was seriously injured and almost died from the window toss.

ANSWER: The City denies, based on CPD records and reports, the allegations and complained of conduct in paragraph 17(N) of Plaintiff's Complaint.

O - When He regained consciousness, he attempted to stand up and immediately limped into the second police, a male Hispanic looking Detective (believed to be Ronan) who was just arriving on the scene running towards Campbell through the gangway from Thomas Street, coming from the south entrance going north.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations and complained of conduct in paragraph 17(O) of Plaintiff's Complaint.

P - This second detective put handcuffs on Campbell behind his back and helped Campbell limp to the ambulance which was already waiting on Thomas Street.

ANSWER:     The City, based on CPD records and reports, admits that Plaintiff was placed in handcuffs by an assisting officer.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17(P) of Plaintiff's Complaint.

Q - Campbell had to have been already unconscious for several minutes.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations and complained of conduct in paragraph 17(Q) of Plaintiff's Complaint.

R - There were no other police or detectives involved.  All other reports indicating any other Beat 1369 detectives either tasered Campbell or participated in the arrest is false.

ANSWER:     The City denies the allegations and complained of conduct in paragraph 17(R) of Plaintiff's Complaint.

S - The report of May 5, 2007 by Defendant Colindres and Marin for Criminal Trespassing was false and was dropped.

ANSWER:     The City denies the allegations and complained of conduct in paragraph 17(S) of Plaintiff's Complaint.

**<u>Deliberate Indifference to Serious Medical Treatment<br>by Delay and Falsifying Medical Reports</u>**

18.     A - Defendants J. Limbo, Paramedic and P. Cruz, Paramedic acted unprofessionally and put Campbell's life in danger by delaying Campbell's emergency medical treatment at the police Detectives' request in order to keep Campbell at the scene until witnesses cold arrive to attempt to identify him.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations and complained of conduct in paragraph 18(A) of Plaintiff's Complaint.

B- Campbell was in and out of consciousness, in pain and having a hard time breathing.  He was never questioned by the paramedics.  They totally believed only what the police told him, that Campbell had dived out of a 2nd floor window.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18(B) of Plaintiff's Complaint.

C - They did not give Campbell oxygen so Campbell's face could be clear, so the witnesses could see Campbell's face unobstructed in an attempt to identify him, and by doing this failed to follow the correct treatment procedure.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18(C) of Plaintiff's Complaint.

D - The injuries Campbell sustained left Campbell in prolonged pain and suffering.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18(D) of Plaintiff's Complaint.

E - These Defendants then created the false medical report that Campbell had refused oxygen treatment.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18(E) of Plaintiff's Complaint.

F - Facts are they never asked Campbell nor offered this treatment which he did need.

ANSWER:    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18(F) of Plaintiff's Complaint.

G - It was the Detective that rode in the ambulance with Campbell who requested nothing obstruct Campbell's face, the same Detective that tossed Campbell out of the window and then tasered him.

ANSWER:    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18(G) of Plaintiff's Complaint.

19.    Defendants Limbo and Cruz further falsified their report when they wrote no incident during the transportation of Campbell, intentionally hiding the fact that there was a long delay for an on scene, show up, witness to arrive to try to identify Campbell, which was unsuccessful.

ANSWER:    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.    A - During the ride to the hospital, the same Detective threatened Campbell that he better not lie, and to watch what he said.

ANSWER:    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint.

B - After arrival this Detective threatened Campbell so he did not talk to them or anyone.  At some point, Campbell told the Detective "fuck you", jumped up and ran from him. Somehow they grabbed Campbell's gown and grabbed Campbell naked then walked him back to examination area.

ANSWER:    The City admits, based on CPD records and reports, that Plaintiff tried to escape police custody once at the hospital and that during his escape, his hospital gown was removed.  The City lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations and complained of conduct in paragraph 20(B) of Plaintiff's

Complaint.

C - They finally got the Detectives away from Campbell and Campbell has never seen these two Detectives again but, will still need to see pictures to identify which one tossed him out the window and tasered him, and which one actually put in him handcuffs.

ANSWER: The City lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 20(C) of Plaintiff's Complaint.

21. A - Defendant's City of Chicago, on information and belief, the City of Chicago has a policy, custom and practice to allow Chicago Police Department Special Tactical Units like beat 1369 and others, to operate outside of the law to the detriment of hundreds of citizens, subjecting Campbell and others to excessive force and their unwritten practice of false police report writing.

ANSWER: The City denies the allegations and complained of conduct in paragraph

21(A) of Plaintiff's Complaint.

B - This has led to a host of lawsuits in this court. They City of Chicago, their employer, has failed to properly supervise, train or punish the Special Tactical Team for use of excessive force or false police report writing and it was not until recently after a huge public outcry that the new Chicago Police chief Jody P. Weis, ordered the dis-banning of the Special Tactical team units in operation, and also reorganized and renamed the Office of Professional Standard, giving it the new name of the Independent Police Review Authority ran by newly elected Chief Administrator Ilana B. Rosenzweig.

ANSWER: The City denies the allegations and complained of conduct in paragraph

21(B) of Plaintiff's Complaint.

22. This is not a lawsuit challenging any criminal conviction nor the evidence that lead to any criminal conviction. I understand that such is prohibited by Heck vs. Humphrey. This is a lawsuit challenging the excessive force of an arrest that was used in an arrest where Campbell nearly died, and the false reports written by Defendants to cover up the excessive force, and denial of adequate medical attention.

ANSWER: The City lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (West 2008).

### SECOND AFFIRMATIVE DEFENSE:
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-204

The City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (West 2008).

### THIRD AFFIRMATIVE DEFENSE:
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-109

One basis for liability against the City is a claim for indemnity. 745 ILCS 10/9-102. If the Individual Defendants are found not liable to the Plaintiff, the City is not liable to the Plaintiff. 745 ILCS 10/2-109.

### FOURTH AFFIRMATIVE DEFENSE
### STATE COMPARATIVE AND CONTRIBUTORY FAULT LAW

To the extent that any injuries or damages claimed by the Plaintiff against the City were caused, in whole or in part, by negligent, willful and wanton, and intentional conduct of the Plaintiff, even if the City is liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, willful and wanton and intentional conduct of Plaintiff

which were the proximate cause of his injuries.  In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2008) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

### FIFTH AFFIRMATIVE DEFENSE: MITIGATION OF DAMAGES

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

### SIXTH AFFIRMATIVE DEFENSE: PUNITIVE DAMAGES

Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly by the injured party or a third party. 745 ILCS 10/2-102 (West 2006).

### JURY DEMAND

The Defendant City of Chicago demands a jury trial for all issues so triable.

Respectfully submitted,

MARA S. GEORGES,
Corporation Counsel

City of Chicago

BY:   /s/Gabrielle M. D'Adamo
           GABRIELLE M. D'ADAMO
           Special Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 742-1842
(312) 744-6566 (Fax)
Attorney No. 6299588

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DON CAMPBELL, | ) | No. 09 C 2632 |
| | ) | |
| Plaintiff, | ) | HONORABLE RONALD A. GUZMAN |
| | ) | Judge Presiding |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VALDEZ |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

To:     Don Campbell
        430 South 27th Street
        South Bend, IN 46615

I hereby certify that I have caused a true and correct copy of the above and foregoing DEFENDANT CITY OF CHICAGO'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT, to be served by U.S. Mail to the above named at the above address on January 26, 2010.

Respectfully submitted,

MARA S. GEORGES,
Corporation Counsel
City of Chicago

BY:     /s/Gabrielle M. D'Adamo
        GABRIELLE M. D'ADAMO
        Special Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 742-1842
(312) 744-6566 (Fax)
Attorney No. 6299588